**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 15 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-33554 |
| | ) | |
| Alysa R. Traut, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING
### OBJECTION TO EXEMPTION

This case came before the court for hearing on the Chapter 7 Trustee's motion objecting to Debtor's claim of exemption in funds owed to her by her ex-husband ("Objection") [Doc. # 15], and Debtor's opposition [Doc. # 17]. The court held a hearing on the Objection that Debtor, her attorney and the Chapter 7 Trustee ("Trustee") attended in person and at which the parties presented testimony in support of their respective positions.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons stated below, the court will sustain the Objection.

## FACTUAL BACKGROUND

Debtor and Kevin Kline were married on September 29, 2007. Although Debtor lived with Kline only until May 2009, their divorce was not final until January 12, 2011, when a Judgment Entry and Final Decree of Divorce was entered by the Common Pleas Court of Marion County, Ohio. [Doc. # 18]. Debtor has two children; however, there were no children born as issue of her marriage to Kline. [*Id.* at 2].

Under the heading "Spousal Support," the divorce decree provides that "neither party shall pay spousal support to the other and both parties waive any entitlement to spousal support." [*Id.*]. Under the heading "Debts," the divorce decree provides, in relevant part, as follows:

> Husband shall pay to the Wife the amount of $8,000.00 at 4.00% interest commencing November 4, 2010. This is a form of spousal support and thus not dischargeable in bankruptcy. Husband will apply his 2010 State and Federal tax refunds to this obligation, and pay said tax refund proceeds to Wife. . . . Husband shall pay the balance of the $8,000.00 plus the 4.00% annual interest by 12/31/2011.
> . . . .
> Husband cannot file bankruptcy on the $8,000.00 plus 4.00% interest stated herein. The payment of the $8,000.00 by the Husband to the Wife is an equity adjustment to cover the marital bills the Wife has already paid, and the distribution of marital property and the improvements made to the rental home in which the parties resided during their marriage.

[*Id.* at 5-6]. The divorce decree awards Debtor no other assets or marital property.

Debtor testified that her ex-husband has paid her $3,000.00 of the $8,000.00 owed to her, leaving a balance owed of $5,000.00. She filed her Chapter 7 bankruptcy petition on February 24, 2011. On amended bankruptcy Schedule B - Personal Property, she lists her interest in the amount due from her ex-husband pursuant to the divorce decree. [Doc. 14, p. 9].[1] On amended Schedule C, Debtor claims an exemption under Ohio Revised Code § 2329.66(A)(11) in the $5,000 owed to her by Kline. [*Id.* at 13].

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtor has been domiciled in Ohio for more than the 730 days preceding the date of the filing of her petition such that Ohio exemption

---

[1] The court takes judicial notice of the contents of its case docket and Debtor's schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Andrews,* 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). The standard of proof is by a preponderance of the evidence. *In re Roselle*, 274 B.R. 486, 490 n.4 (Bankr. S.D. Ohio 2002). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are generally to be liberally construed in a debtor's favor. *In re Andrews*, 301 B.R. at 213. The rule that exemption statutes are to be construed liberally in favor of the debtor is also followed by the courts of Ohio. *See, e.g., Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986); *Dennis v. Smith*, 125 Ohio St. 120 (1932); *Sears v. Hanks*, 14 Ohio St.298, 301)(1863).

The Ohio exemption statute provides, in relevant part, that a person may exempt "[t]he person's right to receive spousal support, child support, an allowance, or other maintenance to the extent reasonably necessary for the support of the person and any of the person's dependents." Ohio Rev. Code § 2329.66(A)(11). Debtor claims an exemption under this provision, relying on language in the divorce decree that states in reference to her ex-husband's payment obligation that "[t]his is a form of spousal support and thus not dischargeable in bankruptcy." [Doc. # 18, p. 5].

The Trustee objects to Debtor's claim of exemption, also relying on language in the divorce decree and arguing that the payment obligation of Debtor's ex-husband constitutes a division of property under the divorce decree, not spousal support. The Trustee relies upon the divorce decree provisions that "neither party shall pay spousal support to the other and both parties hereby waive any entitlement to spousal support," [*Id.* at 2], and that the payment obligation "is an equity adjustment to cover the marital bills the Wife has already paid, and the distribution of marital property. . . ," [*Id.* at 5-6].

The parties' arguments require this court to interpret the state court's divorce decree. In doing so, the court must consider all of the provisions of the decree in an effort to harmonize and give meaning to all of its provisions. *Mayer v. Ingebo*, No. 12319, 1986 WL 2909, *1 (Ohio App. 1986) (citing *Seitz v. Seitz*, 92 Ohio App. 338, 342 (1952) (stating that "[i]f a judgment is susceptible to two possible interpretations because of the words and phrases used, an interpretation will be adopted which gives effect to the judgment in its entirety rather than an interpretation which would eliminate a part."); *see Ohio Farmers Ins., Co. v. Hughes-Bechtol, Inc. (In re Hughes-Bechtol, Inc.)*, 225 F.3d 659 (Table) (6th Cir. 2000) (construing a cash collateral order). Although at first blush, it appears that the divorce decree in this case is internally

11-33554-maw    Doc 40    FILED 03/15/12    ENTERED 03/15/12 11:11:56    Page 3 of 6

inconsistent, providing that no spousal support shall be paid and then stating that the $8,000 payment obligation is spousal support, the court believes that the decree is susceptible to a reasonable interpretation that gives meaning to both provisions.

"Spousal support" is defined under Ohio law as "any payment or payments to be made to a spouse or former spouse . . . that is both for sustenance and for support of the spouse or former spouse." Ohio Rev. Code § 3105.18(A). In making spousal support awards, Ohio courts are required to review the statutory factors set forth in Ohio Revised Code § 3105.18(C)(1) and indicate the basis for such an award . *Lambert v. Lambert*, No. 2004-P-0057, 2005 WL 1075737, *4, 2005 Ohio App. LEXIS 2137, *11 (Ohio App. May 6, 2005) (citing *Stafinsky v. Stafinsky*, 116 Ohio App. 3d 781, 784 (1996)). The divorce decree at issue in this case neither mentions any factor under § 3105.18(C)(1) nor indicates that the court reviewed those statutory factors.[2] In fact, the divorce decree states in a paragraph specifically entitled "Spousal Support"

---

[2] The factors to be considered under Ohio Revised Code § 3105.18(C)(1) are as follows:

(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;

(b) The relative earning abilities of the parties;

(c) The ages and the physical, mental, and emotional conditions of the parties;

(d) The retirement benefits of the parties;

(e) The duration of the marriage;

(f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;

(g) The standard of living of the parties established during the marriage;

(h) The relative extent of education of the parties;

(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;

(j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;

(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought.

(l) The tax consequences, for each party, of an award of spousal support;

(m) The lost income production capacity of either party that resulted from that party's marital responsibilities;

that neither party shall pay spousal support and that both parties waive entitlement to spousal support. The lack of any finding and analysis by the state court that Debtor was entitled to spousal support and the explicit provision in the paragraph specifically dealing with spousal support strongly support the conclusion that the divorce decree did not create a spousal support obligation in favor of Debtor within the meaning of § 3105.18. The court construes the term "spousal support" in § 2329.66(A)(11) to have the same meaning as in § 3105.18. *See* Ohio Rev. Code § 1.42 (providing that "[w]ords and phrases that have acquired a technical or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly.")

Further support for the conclusion that the divorce decree did not create a spousal support obligation within the meaning of § 3105.18 is found in the divorce decree statement explaining that the payment obligation of Debtor's ex-husband "is an equity adjustment to cover the marital bills the Wife has already paid, and the distribution of marital property," which statement is found under the heading "Debts." [Doc. # 18, p. 5]. From a plain reading of this statement, it does not appear that the payment obligation at issue was meant to provide support.

Nevertheless, the divorce decree also includes the statement that the $8,000 payment obligation "is a form of spousal support." [*Id.*]. This statement, however, is included in the same sentence as the statement that the payment obligation is not dischargeable in bankruptcy. The court construes this statement as the state court's attempt solely to address the dischargeability of the payment obligation under the Bankruptcy Code, *see* 11 U.S.C. § 523(a)(5), should Kline file for bankruptcy relief, and not an award of spousal support under Ohio Revised Code § 3105.18 that may be exempted under Ohio Revised Code § 2329.66(A)(11). To hold otherwise would negate that part of the divorce decree that appears under the specific heading "Spousal Support," which states that Debtor and her ex-husband waive entitlement to spousal support and that no spousal support shall be paid. The court thus concludes that the state court did not award "spousal support" within the meaning of § 2329.66(A)(11).

The court notes that the exemption set forth in § 2329.66(A)(11) is not limited to child or spousal support awarded in connection with a marital or support action, but also extends to an "allowance" or "other maintenance." However, as one court noted, "the courts of Ohio have limited the application of the statute to those situations where the purpose of the grant was to provide support for debtor or his/her dependents."

---

(n) Any other factor that the court expressly finds to be relevant and equitable.

*In re Delmoe,* 365 B.R. 124, 130 (Bankr. S.D. Ohio 2007) (citing cases). The court explained that "[i]f the Ohio legislature had intended to exempt any funds or 'allowance' that a debtor alleges is required to support himself, there would be no need for any additional exemptions to protect benefits, aid or other income streams to a debtor." The court agrees with the reasoning in *In re Delmoe* and concludes that the payment obligation of Debtor's ex-husband is neither "spousal support" nor an "allowance" within the meaning of the Ohio exemption statute.

## **CONCLUSION**

For the foregoing reasons, the court will grant the Trustee's Objection to Exemption. A separate order conforming to this memorandum of decision will be entered by the court.